EASTERN DIST.
*March,* 1835.

ROBERTSON ET AL. *vs.* PENN.

ROBERTSON
ET AL.
*vs.*
PENN.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING.

A statement of facts, made out by the judge, will be deemed sufficient to enable the court to examine the case on it smerits, when there is no other objection than the *refusal* of the appellee's counsel to consent to it.

Where a party, whose execution is enjoined in the sheriff's hands, puts in an answer, praying for a dissolution of the injunction, *with damages,* and for judgment against the principal, and surety on the injunction bond, for the original debt, which was dissolved with costs, but no damages, and the judgment acquiesced in : *Held,* that in another suit on the bond against the surety, the party can recover only such damages as he may prove, independently of the interest and damages given by statute, when the former judgment is set up as a bar to the action. The question of damages will be left to the jury.

This is an action on an injunction bond, against the defendant, as surety. The plaintiffs allege they obtained an order of seizure and sale against one Isaac Lazarus, in the parish of St. Tammany, on a debt due them of three hundred and fifty-seven dollars fifty cents. That one M. R. Isaacson, residing in Philadelphia, obtained an injunction, claiming the goods seized under said order of seizure, and stopped the sale of them. He gave an injunction bond with the defendant as his surety, in the penalty of fifteen hundred dollars. The injunction was dissolved, and the proceeds of the goods nearly all wasted and expended in costs and litigation, and in the mean time the original debtor left the state. The plaintiffs further allege that by the wrongful suing out of the injunction, they have been deprived of the means of making their original debt; by reason of the premises, they have sustained fifteen hundred dollars in damages, for which they pray judgment against the defendant on his bond.

EASTERN DIST.
March, 1835.

ROBERTSON
ET AL.
vs.
PENN.

The defendant pleaded a general denial. He denied specially that he is liable under said bond, as Isaacson was a third party, whose rights were invaded by the seizure of the goods ; and although the injunction was dissolved, the party was only liable under the statute, for such damages as the court might award. That he cannot, in any event, be made liable until the principal in the bond is prosecuted to insolvency. And further, that the plaintiffs suffered no damage, not having seized sufficient property to satisfy their claim ; and by mismanagement, suffered the defendant in the writ to sell thousands of dollars after the seizure, which they could with diligence have prevented, and made their money.

The defendant set up a demand of one hundred dollars in damages for counsel fees, which he has had to pay in consequence of being harassed with this suit, and prays judgment in reconvention for this sum.

The evidence showed, that on the 28th of March, 1832, the present plaintiffs obtained an order of seizure and sale against Lazarus, on a judgment which had been previously rendered against him in Alabama. The sheriff seized eighty sacks of salt and seven boxes of hats. One M. R. Isaacson, of Philadelphia, intervened in the seizure and filed his injunction bond by Lazarus, his attorney in fact, and signed by the defendant as surety in the penal sum of fifteen hundred dollars. On this bond an injunction was obtained against the *sheriff alone*, enjoining him from further proceedings.

The present plaintiffs intervened in this injunction, praying to be made parties and for the dissolution of the injunction, with damages. In October, 1832, they discontinued their intervention, with the leave of the court, and the cause was continued until the next term. The sheriff answered, denying any liability and praying for a dissolution of the injunction. The parties also agreed that the property seized might be sold in the mean time, and the proceeds held subject to the judgment of the court. The goods were sold accordingly, for three hundred and forty-four dollars twenty-eight cents, which, after deducting costs and expenses, left a

net balance of two hundred and seventy dollars forty-one
cents.  On the 11th April, 1833, the injunction was dissolved,
Lazarus was in possession of several thousand dollars worth
of goods in the same situation of those seized ; but before the
dissolution of the injunction, he left the state.   The attorney
of the present plaintiffs defended the injunction suit against
the sheriff and obtained its dissolution.   The sheriff stated
when he made the seizure, the defendant, Lazarus, was in
possession of plenty other goods, at the time and for a month
afterwards, to have paid the plaintiff's debt, but kept on
selling, and when the injunction was dissolved he had left
the state without leaving any property.   The deputy sheriff
stated, that when the seizure was made he thought they had
seized goods sufficient, but some of the boxes were less
valuable than was expected.

Upon these pleadings and testimony the parties went to
trial.   The cause was submitted to a jury, who returned a
verdict for the defendant.   After an unsuccessful attempt to
obtain a new trial, the plaintiffs appealed.

The statement of facts was referred to the judge, who
made it out, but the counsel for the defendant endorsed on it,
that he refused his consent to it.

*Davidson*, for the defendant and appellee, moved to dismiss
the appeal, on the ground that there was no statement of
facts.

*Flower and Jones*, for the plaintiff.

1. The sheriff seized property sufficient to satisfy the
plaintiff's demand in the first instance, but by the wrongful
suing out of the injunction, the money was not made.

2. The evidence shows, the sheriff thought he had seized
goods sufficient to satisfy the order of seizure, but was
mistaken in the value of some boxes.   This shows he acted
with diligence, and but for the injunction would have made
the money.

3. Had the sheriff seized double as many goods as he did,
the injunction would have covered all, as all the goods were
in the same situation.

EASTERN DIST.
March, 1835.

ROBERTSON
ET AL.
vs.
PENN.

4. The evidence shows, the débtor continued in possession, and to sell his goods, for two months after the seizure was made, but the sheriff was deterred from any further seizure, as more damages would be claimed.

5. The plaintiff is entitled to damages to the full amount of his loss, on the wrongful suing out the injunction, for which the defendant is liable.

*Bullard, J.,* delivered the opinion of the court.

A statement of facts, made out by the judge, will be deemed sufficient to enable the court to examine the case on its merits, when there is no other objection, than the *refusal* of the appellee's counsel to consent to it.

The appellee moves to dismiss this appeal, for want of a statement of facts. The record shows, that before the appeal was granted, the judge certified a statement of the facts proved on the trial, which appears to have been previously submitted to the opposite party, but to which he refused his assent. Under the article 603 of the Code of Practice, we are of opinion, this is sufficient to authorise this court to examine the case on its merits.

The defendant and appellee is sued as surety on an injunction bond, and the plaintiffs allege special damage, consequent on the wrongful issuing of the injunction. The case was tried by a jury, whose verdict was in favor of the defendant, and the plaintiffs appealed.

Where a party whose execution is enjoined in the sheriff's hands, puts in an answer, praying for dissolution of the injunction, *with damages,* and for judgment against the principal and surety on the injunction bond, for the original debt, which was dissolved with costs but no damages, and the judgment acquiesced in: *Held,* that in another suit on the bond against the surety, the party can recover only such damages as he may prove independently of the

It appears that the present plaintiffs, in the suit of injunction, put in an answer, praying for a dissolution of the injunction, and for judgment against the principal and surety on the bond, in reconvention for the amount of the original judgment against Lazarus, and for twenty per cent. damages. The injunction was dissolved, with costs, but no damages are added, according to the provisions of the statute. *Session Acts of* 1831, 102, *sec.* 3.

In this judgment the parties appear to have acquiesced. The answer in the present case sets up *substantially* the former judgment as a bar to the present action, and alleges that the party is entitled, under the statute, only to such damages as the court might award when the injunction was dissolved.

Whether, as it relates to the surety, an action can be maintained on the bond, distinct from the one in which it

was given, and in which, under the statute, the court is bound to pronounce on the penalty, may be well questioned. Be that, however, as it may, we are clearly of opinion, that in this suit the plaintiff can recover only such damages as he may prove, independently of the interest and damages to which he might be entitled, under the provisions of the statute. The question of damages was left to the jury, and we find nothing in the evidence to authorise us to reverse their finding.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.-
*March*, 1835.

MARIATIGUI,
KNIGHT & CO.
*vs.*
LA. INS. CO.

interest and damages given by statute, when the former judgment is set up as a bar to the action. The question of damages will be left to the jury.